# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| MARSHALL VAN REED, | ) |
| Plaintiff, | ) )  ) |
| v. | ) ) Case No. 4:23-cv-00431-LCB-JHE |
| BBVA-PNC BANK, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION

Plaintiff Marshall Van Reed filed a *pro se* complaint seeking monetary damages or injunctive relief under 42 U.S.C. § 1983 for violations of his civil rights. (Doc. 1). Reed names "BBVA-PNC Bank" as the sole defendant. (Doc. 1 at 1–2). On March 22, 2024, the magistrate judge recommended the court dismiss this action without prejudice under Federal Rule of Civil Procedure 12(h)(3) based on lack of subject-matter jurisdiction. (Doc. 7). Specifically, the magistrate judge concluded that Reed had not established the presence of a federal question under 28 U.S.C. § 1331 or diversity of citizenship under 28 U.S.C. § 1332 to invoke jurisdiction. (Doc. 12). Reed filed objections to the magistrate judge's report and recommendation and moved for leave to file an amended complaint. (Doc. 10).

Reed does not object to the magistrate judge's conclusion that his complaint, as alleged, fails to invoke proper subjection-matter jurisdiction. (Doc. 10 at 2).

Rather, he contends that his complaint can be amended to "cure the jurisdictional deficiency." (Doc. 10 at 1). As explained below, Reed's motion for leave to amend the complaint (Doc. 10) is due to be denied as futile.

Motions to amend are addressed to the sound discretion of the trial judge. *See, e.g., Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1291 (11th Cir. 2007). While that discretion is tempered by the proviso of Fed. R. Civ. P. 15(a) that "[t]he court should freely give leave when justice so requires," the court may deny a motion to amend based on "(1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party by virtue of allowance of the amendment, and (5) futility." *Blackburn v. Shire US, Inc.*, 18 F.4th 1310, 1317–18 (11th Cir. 2021). Similarly, the Eleventh Circuit had held that where a more carefully drafted complaint might state a claim, a district court abuses its discretion if it does not provide a *pro se* plaintiff at least one opportunity to amend the complaint before dismissing the case with prejudice, unless doing so would be futile. *Woldeab v. DeKalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1291–92 (11th Cir. 2018).

In his original complaint, Reed provided only the address of a BBVA-PNC Bank branch in Rainbow City, Alabama. (Doc. 1 at 2). The magistrate judge determined that since Reed did not provide BBVA-PNC Bank's place of

incorporation and its principal place of business, he failed to allege facts establishing the parties' citizenship for purposes of diversity jurisdiction. (Doc. 7 at 4–5).

In his proposed amended complaint, Reed alleges that BBVA-PNC Bank is incorporated in Pennsylvania, with its principal place of business in Pittsburgh, Pennsylvania, and has authority to conduct business in Etowah County, Alabama. (Doc. 10 at 3). In addition to BBVA-PNC Bank, Reed seeks to name as defendants Kelli Loin, Dustin Phillip, and Casandra Cote—bank employees at BBVA-PNC Bank's Rainbow City, Alabama branch. (Doc. 10 at 3).

For federal diversity jurisdiction to attach, all parties must be completely diverse, meaning no plaintiff can be a citizen of the same state as any defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). An individual is a citizen of the state in which he or she is domiciled. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002). Because Reed resides in Alabama, and he contends in his proposed amended complaint that Loin, Phillip, and Cote are also located in Alabama (Doc. 10 at 3), there is no diversity jurisdiction based on the proposed amended complaint.

In an apparent attempt to invoke federal question jurisdiction, Reed alleges the defendants violated his Fourteenth Amendment rights to due process and equal protection by depriving him of access to his bank account. (Doc. 10 at 5). To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission

deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States; and (2) the act or omission was committed by a person acting under color of state law.  *Hale v. Tallapoosa Cty*, 50 F.3d 1579, 1582 (11th Cir. 1995).  "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 48 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

The proposed defendants are not state actors, and there are no allegations in Reed's amended complaint to support that any of them otherwise acted under color of state law.  Therefore, they are not subject to liability under 42 U.S.C. § 1983 based on Reed's allegations that they violated his Fourteenth Amendment due process and equal protections rights.[1]  *See Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982) ("[T]he Fourteenth Amendment, which prohibits the states from denying federal constitutional rights and which guarantees due process, applies to acts of the states, not to acts of private persons or entities."); *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 172 (1972) (noting the Equal Protection Clause prohibits discriminatory

---

[1] Reed has not alleged that his claims arise under any other federal law.  (Doc. 10 at 3–6).

conduct by the State). Accordingly, Reed has not sufficiently invoked federal question jurisdiction.

Based on the foregoing, Reed's objections are **OVERRULED** and his motion for leave to file an amended complaint is due to be **DENIED** as futile.

After careful consideration of the record in this case and the magistrate judge's report and Reed's objections (Doc. 10), the court **ADOPTS** the report and **ACCEPTS** the recommendation. Consistent with that recommendation and 28 U.S.C. § 1915A(b)(1), this action is due to be dismissed without prejudice for failing to state a claim upon which relief may be granted. Additionally, Reed's motion for leave to amend the complaint (Doc. 10) is due to be **DENIED**.

A Final Judgement will be entered.

**DONE** and **ORDERED** this August 8, 2024.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE